ANDERSON and Another *v.* MILLER.

A justice of the peace with whom the docket of a former justice is legally deposited, may give certified copies from such docket; but the certificate must show, that the justice making it has the legal custody of the docket.

A judgment of a justice against a defendant is a nullity, unless the defendant had actual or constructive notice of the suit, or appeared to it.

ERROR to the *Perry* Circuit Court.

*Saturday, December 2.*

DEWEY, J.—*Miller* sued *Anderson* and *Hall,* before a justice of the peace, in trespass for taking and carrying away his horse, and obtained judgment. The defendants appealed to the Circuit Court, where the plaintiff also had judgment in his favour on the verdict of a jury.

The facts stated in the cause of action are as follows: *Hall* and one *Ricks* obtained a judgment before a justice of the peace against one *Sampley.* Execution issued upon it and was placed in the hands of *Anderson,* who was a constable, to be by him served: he levied the execution upon the horse in question. *Miller* claimed to be the owner of the horse, and had triers summoned to try the right of property before one *Huckeby,* a justice of the peace. The triers found the horse to be the property of *Miller,* and the justice rendered judgment accordingly. *Anderson,* however, proceeded to sell the horse on the execution; and this is the cause of action alleged against *Anderson* and *Hall,* the latter instigating the sale.

On the trial in the Circuit Court, *Miller,* for the purpose of establishing his right to the horse, offered in evidence a paper which purported to be the transcript of the proceedings before *Huckeby* on the trial of the right of property. This document had no other authentication than a certificate under the hand and seal of *Josiah Anderson,* a justice of the peace, in these words: "I certify this to be a true copy of the proceedings had before *J. B. Huckeby,* late a justice of the peace for *Tobin* township." The defendants' objection to this testimony was overruled.

We think the Circuit Court erred in admitting this evidence. The authentication was not sufficient. By a statute of 1834, when the docket of a former justice of the peace is legally placed in the hands of his successor in office, or of any other justice, copies certified under the seal of the justice having possession of the original, provided the certificate show that the proceedings and judgments so copied are legally in his possession, as such successor or otherwise, are made legal evidence in the Courts of this state. The certificate of *Anderson* neither shows that he was the successor of *Huckeby,* nor that he had in any manner whatever the legal custody of the original, a copy of which he attempted to authenticate. Without showing in his certificate that, as the successor of *Huckeby* or otherwise, he held the legal custody of his judgments and proceedings, the certificate is entirely invalid as evidence.

An attempt is made in behalf of the defendant in error to obviate this difficulty, by urging that the record shows that *Josiah Anderson* was a justice of the county in which the cause was tried, and that as the clerk is bound by law to

register the names of justices, time of induction, &c., in a book to be by him kept for that purpose, the Court was officially bound to know that *Anderson* was the successor of *Huckeby.* Were it granted that the Circuit Court was obliged to know judicially all the justices of the peace in the county, and the regular order of their succession, it would by no means follow, that it did or could know into whose hands had passed the legal or actual keeping of the docket of a justice, whose official character had terminated. The knowledge of this fact alone could supply the defect of the certificate, if it could be supplied by extrinsic testimony. But it is not conceded, that the Circuit Court was presumed to know the contents of the register kept by the clerk. It is no part of the records of the Court; and if it were, the Court could not act upon it unless it were referred to by a party wishing to avail himself of it. Records of Courts are not laws.

There is another fatal objection to the admissibility of the testimony which was given to the jury, and that is, that the instrument, which purported to be the transcript of the trial of the right of property before *Huckeby,* showed an *ex parte* proceeding. It did not appear that the plaintiff in the execution, on which the horse was seized, had any notice actual or constructive of the claim of *Miller,* or of the trial by the triers. A judgment of a justice of the peace rendered against a party who had no notice, implied or positive, of any action pending against him, and who made no appearance, is a nullity: to give it the force of evidence is unauthorised by law, and would be against the plainest dictates of justice. We do not say that if, in the present case, process was really served on the parties, or they appeared at the trial without it, and *Huckeby* omitted to enter the one or the other on his docket, *Miller* could not have supplied the defect by evidence *aliunde,* nor that he cannot yet do so.

*Per Curiam.*—The judgment is reversed and the verdict set aside with costs. Cause remanded, &c.

*J. A. Brackenridge,* for the plaintiffs.

*S. C. Stevens* and *J. R. E. Goodlet,* for the defendant.